REIDUN STRØMSHEIM # 104938
JOANNE LAFRENIERE # 158011
STROMSHEIM & ASSOCIATES
201 California Street, Suite 350
San Francisco, California 94111
Telephone: (415) 989-4100
Fax: (415) 989-2235
jlafreniere@stromsheim.com

Attorneys for Trustee,
JEFFRY G. LOCKE

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re:

MARK STEPHEN EAGER and
CHRISTINA JO EAGER

SSN. xxx xx 1274
     xxx xx 5212

    Debtor

Case No. 09-14080
Chapter 7

Hearing: October 22, 2010
Time: 10:00 a.m.
Place: 99 South E. Street
       Santa Rosa, CA

**MOTION TO SELL CO-OWNED REAL PROPERTY SUBJECT TO OVERBID**
(31 and 33 Silvia Drive, Cazadero, California 95421)

TO THE HONORABLE ALAN JAROSLOVSKY, UNITED STATES BANKRUPTCY JUDGE AND TO THE DEBTORS AND TO THEIR COUNSEL OF RECORD:

    COMES NOW Jeffry G. Locke ("Trustee"), trustee of the above referenced bankruptcy estate, and respectfully requests an order authorizing the entered approving the sale of certain real property located at 31 and 33 Silvia Drive, Cazadero, California 95421 to Ruth Irene Ochoa for the purchase price of $160,000, "As-Is" "with all faults", and without warranties, or to such higher or better offeror(s) as the Trustee may accept (the "Buyer"). Payment of liens reflected in the title report for the Property, i.e. the Deed of Trust, and property taxes, will be made through escrow. Costs of sale including a 6% brokerage commission to Coldwell Banker, to be shared with the Buyer's broker, will be satisfied through escrow according to the terms of the contract for sale. In

support of the motion, the Trustee represents as follows:

1. An Order for relief under Chapter 7 of Title 11 of the United States Code was entered herein pursuant to a voluntary petition filed by the Debtors on December 2, 2009, and Jeffry G. Locke is the duly appointed, qualified and acting trustee of the Debtors' estate.

2. Among the assets of the Debtors' estate is a one-third interest in a certain real property located at 31 and 33 Silvia Drive, Cazadero, California 95421 (the "Property").

3. Title to the Property is currently held by *The Maryrose Eager 1998 Revocable Trust dated May 12, 1998* ("The Maryrose Eager Trust"). See copy of excerpts of Preliminary Title Report ("PTR"), Exhibit "B" to the Declaration of Joanne LaFreniere, ("LaFreniere Declaration") filed herewith. The Debtors have a one-third interest in the Property, and the Debtors, Catherine Eager, and Matthew Eager are beneficiaries of The Maryrose Eager Trust. The Trustee has obtained a Judgment authorizing him to sell the entire Property.

4. The PTR indicates that the Property is subject to certain liens; see copy of the PTR, LaFreniere Decl., Exhibit B. The Trustee proposes to pay the secured creditors or respective successors or assigns, all properly charged amounts (i.e., no penalties or unreasonable fees or costs) out of escrow upon sale of the Property. *The Property is being sold "AS-IS" and subject to all existing conditions.* The Debtors have claimed an exemption as to their interest in the Property, which exemption will be paid by the Trustee from the bankruptcy estate's share of the proceeds of sale.

5. The Trustee obtained an offer for the Property from the Buyer, and a true and correct copy of the fully executed contract is attached as Exhibit "A" to the LaFreniere Decl. The Trustee requests that the purchase and sale agreement and related documents or instruments may be modified, amended or supplement by the parties without further order of the court, provided that such modification, amendment or supplement do not have a material adverse effect on the estate.

6. The offer is subject to overbids, which will be held prior to the expiration of the time to file an objection to the proposed sale. To the extent that a higher and better offer is obtained and accepted, the Trustee will seek approval to the highest and best offeror(s). For

details, see Notice filed herewith.

7. The Trustee believes that the sale is in the best interests of the estate and its creditors. No payments are being made on the mortgage, so the equity is eroding daily from the non-payment of the mortgage. The marketing has been made in the regular course of business, the Property was listed on multiple listing, and the overbid provision ensures that the highest and best price will be reached.

8. Time is of the essence in this transaction, as the escrow is scheduled to close October 25, 2010, and the equity in the Property is eroding, which will reduce the return to the estate from any delay in closing. Accordingly, the Trustee requests that any applicable stay under Rule 6004 (h), Fed. Rules of Bankruptcy Procedure be waived.

9. Concurrently herewith is being filed and served a notice of hearing on the proposed sale. See Notice filed herewith.

WHEREFORE the Trustee requests that an order be entered:

a) approving the sale to the highest and best offeror; and

b) authorizing the Trustee to:

- pay the valid liens, closing costs and brokers' commission set forth above,

-amend the purchase and sale agreement, if necessary, as set forth in ¶ 5 above,

-execute all documents required to transfer title to the entire Property to the Buyer.

DATED: This 30th day of September, 2010.

STROMSHEIM & ASSOCIATES

/s/ Joanne LaFreniere
JOANNE LAFRENIERE, attorneys for
JEFFRY G. LOCKE, Trustee, *In Re Eager*